FILED
SUPERIOR COURT

2012 1 3 11: 1

CLERK OF COURT
BY

# IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM
)  CRIMINAL CASE NO. CM1137-09
)
)
)
vs.
)  **DECISION AND ORDER**
)  **(Motion for the Dismissal of the**
)  **Complaint)**
)
)
ATSON S. SEMENS,
)
)
Defendant.
)
)

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on March 19, 2012, for a hearing on Atson S. Semens' ("Defendant") Motion for the Dismissal of the Complaint. Assistant Public Defender Pablo M. Aglubat represented Defendant. Assistant Attorney Generals Nelson J. Werner and Jesse J.N. Nasis appeared on behalf of the People of Guam ("the People"). The Court took the matter under advisement. Upon review of the evidence, written arguments, and legal authorities presented by both parties, the Court hereby issues this Decision and Order.

## BACKGROUND

A Complaint was filed in the above-captioned case on November 10, 2009, charging Defendant with Improper Storage of an Opened Container (As a Misdemeanor). Complaint (November 10, 2009).

A Summons was subsequently issued summoning Defendant to appear before the Honorable Alberto C. Lamorena, III, on November 25, 2009, at 10 a.m. to answer the charge contained in the Complaint. Summons (Nov. 17, 2009). However, an Affidavit of Non-service was filed in Court by the Marshal's Division indicating that attempts to serve Defendant were unsuccessful. Affidavit of Non-service (Nov. 24, 2009). On November 25, 2009, Defendant was not present for an arraignment. Super. Ct. of Guam Minute Entry Log No. 104809 (Nov. 25, 2009). Thereafter, Public Defender Services Corporation was notified of a Court appointment relative to Defendant's case. Notice of Court Appointed Counsel (Nov. 30, 2009). Likewise, another Summons was issued summoning Defendant to appear before the Honorable Alberto C. Lamorena, III, on January 20, 2010 at 10 a.m., to answer the charge contained in the Complaint. Summons (Nov. 30, 2009). The Marshal's Division filed an Affidavit of Non-service stating that they were "unable to locate" Defendant. Affidavit of Non-service (Dec. 21, 2009).

The People filed their motion for discovery on January 12, 2010. People's Motion for Discovery (Jan. 12, 2010). On January 20, 2010, Defendant was not present for another scheduled arraignment. Super. Ct. of Guam Minute Entry Log No. 115814 (Jan. 20, 2010). Hence, a Bench Warrant was issued on February 3, 2010, with bail affixed at $1,000. Bench Warrant (Feb. 3, 2010). Defendant came before this Court on December 6, 2011 on a Return of Bench Warrant. Return of Warrant: Service (Feb. 3, 2011) & Transcript JDAASCRA (12/06/2011) at 3:25:50. Defendant was subsequently released from confinement and the Court set a hearing for December 14, 2011. Release from Confinement (12/06/2011).

On December 14, 2011, Defendant appeared with counsel for an arraignment where he plead not guilty. Super. Ct. of Guam Minute Entry Log No. 110435 (Dec. 14, 2011). Defendant waived his right to a speedy trial pursuant to 8 GCA § 80.60 and the 6th Amendment and

requested for a jury of six. Assertion or Waiver of Speedy Trial (Dec. 15, 2011) & Request for Jury of Six (Dec. 20, 2011). Criminal Trial Settings were scheduled on January 23, 2012, February 27, 2012, and March 12, 2012.

On March 9, 2012, Defendant filed a Motion for the Dismissal of the Complaint. Def's. Mot. for the Dismissal of the Complaint (Mar. 9, 2012). The People filed their opposition on March 13, 2012. People's Opposition to Motion to Dismiss (Mar. 13, 2012).

The Court heard Defendant's Motion for the Dismissal of the Complaint on March 19, 2012, where the parties submitted on their respective briefs. The Court now issues this Decision.

## DISCUSSION

Defendant moves this Court to dismiss the Complaint pursuant to People v. Rasuao, 2011 Guam 14, and 8 GCA § 60.10 (a). Defendant argues that he "was only actually arraigned almost 2 years later after an arrest warrant had issued." Defendant further contends "[a]bsent a showing of good cause, this complaint should be dismissed as the delay between the filing of the complaint against [him] and the date of his continued arraignment (if not his initial arraignment) was more than sixty days, and as such [he] did not receive prompt arraignment. Def's Mot. for the Dismissal of the Complaint (Mar. 9, 2010).

The People oppose Defendant's motion citing that "[g]ood cause existed for all three separate identifiable intervals in the process of [Defendant's] case. People's Opposition to Motion to Dismiss (Mar. 13, 2012).

Guam law relative to arraignments provides:

(a) The defendant shall be arraigned **promptly** after the indictment or information is filed or after the complaint is filed where prosecution by complaint is required by § 1.15.

> (b) Arraignment shall be conducted in open court and shall consist of reading the indictment, information or complaint to the defendant or stating to him the substance of the charge and calling on him to plead thereto. The defendant shall be given a copy of the indictment, information or complaint before he is called upon to plead.

8 GCA § 60.10 (emphasis added).

The Supreme Court of Guam held that "unless good cause is shown, a Complaint shall be dismissed where a defendant is not promptly arraigned within 60 days of the filing of the Complaint." See People v. Rasauo, 2011 Guam 14 ¶ 14. This Court notes that Rasauo II articulated that "compliance with this new standard continues to require a case by case analysis of whether or not the specific circumstances of any given case show good cause for delay beyond the 60 day period normally required to comply with law." Id. The holding in Rasauo II is designed to provide a baseline standard, and not bind the hands of the trial court in cases where deviation from this baseline is judged to be appropriate. Id.

In the instant case, the time between the filing of the Complaint on November 10, 2009, and Defendant's arraignment on December 14, 2011, amounts to Seven Hundred Sixty Four (764) days. The Court also calculates that the number of days from the issuance of the Bench Warrant on February 3, 2010, and Defendant's arraignment on December 14, 2011, equates to Three Hundred and Fourteen (314) days, contrary to Defendant's contention that it was almost two years from that particular point. Irrespective, the Court determines that there were more than sixty (60) days from complaint to arraignment, thus establishing a basis for dismissal if there is no good cause shown.

The Court notes that several attempts were made to locate Defendant in order to serve him with Summons. "In view of the difficulty of locating people in a modern society and the difficulty of proving that a defendant has been intentionally avoiding apprehension, [the lack of

good faith and due diligence standard] would place an impossible burden on law enforcement and result in the dismissal of numerous cases." State v. Greenwood, 845 P.2d 971, 979 (Wash. 1993). Hence, where law enforcement agents demonstrate "due diligence" in attempting to contact a defendant but are unable to do so, those defendants do not accrue the benefits of the running of timing rules during periods where they are out of contact with the criminal justice system. Id. However, with the case at bar, the record is devoid of any indication that "reasonable and diligent attempts were made by the [Marshal's Division] to personally serve the defendant a copy of the summons." All that was checked in the Declaration indicates that Defendant was ordered by a judge to appear. Declaration and Recommendation of Magistrate Court (Jan. 21, 2010). Moreover, Court records indicate that on the same day the instant case was filed, Defendant was still committed on CF566-09[1], until approximately 5:30 p.m. Therefore, the Court finds no good cause for the delay in Defendant's arraignment.

The next issue to address is whether the case is to be dismissed with or without prejudice.

8 GCA § 10.50 provides:

> The periods of limitation provided by this Chapter do not run during any time when a criminal action against the defendant for the same conduct is pending in this Territory, even if the accusatory pleading is later set aside, **the action later dismissed,** or the conviction is later reversed upon appeal or set aside as a result of a post-conviction proceeding.

8 GCA § 10.50 (emphasis added).

The Court recognizes that in People v. Palomo, 1998 Guam 12, the Supreme Court of Guam ruled that the proper remedy for a statutory violation of 8 GCA § 25.30 was a dismissal with prejudice. Likewise, the Supreme Court of Guam in a People v. Villapondo, 1999 Guam

---

[1] Defendant was committed since November 1, 2009 on CF566-09. That case was dismissed and the instant case was subsequently filed.

31, noted that "a showing of prejudice or any other factors which support dismissal with prejudice are unnecessary." See Villapondo ¶ 52 (citing Palomo n.8). "In Palomo, [the Supreme Court also] noted the disfavoring of dismissals with prejudice." Palomo ¶ 17. With the case at bar, there is no similar statutory bar to re-prosecution. The Complaint was filed within a week's time of the alleged offenses, unlike the facts in Palomo. This fact along with the language expressed in Rasauo II that "[the Supreme Court of Guam] will not exercise [its] discretion to decide, based on the record before [the high Court], whether the dismissal should be with or without prejudice," suggests that this Court consider a showing of prejudice or any other factors which may or may not support a dismissal with prejudice. The record is devoid of any information that Defendant was prejudiced, other than the Court's determination that there was a violation of the 60 day rule.

For these reasons, the Court **GRANTS** Defendant's Motion for the Dismissal of the Complaint **without prejudice**.

## CONCLUSION

By a preponderance of the evidence and based on the foregoing reasons, the Court **GRANTS** Defendant's Motion for the Dismissal of the Complaint **without prejudice**.

**SO ORDERED** this ___16___ day of April, 2012.

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

APR 16 2012

Amando D. Guitoriano
Deputy Clerk, Superior Court of Guam

_____
HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam